UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FREDDIE RAMIREZ,<br><br>                Petitioner,<br><br>   vs.<br><br>K. HOLLEN, Warden,<br><br>                Respondent. | CASE NO. ED CV 12-1673-SVW (RZ)<br><br>ORDER TO SHOW CAUSE |

        The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition was filed on October 2, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 10, 2004, in San Bernardino County Superior Court, Petitioner pleaded guilty to second degree burglary and admitted to having two prior strike convictions. Based in part on his prior felony convictions, he was sentenced to prison for 25 years to life. Pet. ¶ 2.

(b) On March 11, 2005, the California Court of Appeal affirmed Petitioner's conviction and sentence. Petitioner did not seek further direct review in the California Supreme Court.

(c) Petitioner's conviction became final on April 19, 2005, forty days after the Court of Appeal affirmed his conviction. *See* Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); *see also Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002).

(d) Nearly three years passed. On March 18, 2008, Petitioner filed the first of three state court habeas petitions. The second of the three state court petitions was denied on November 3, 2008.

(e) Over three years passed. On January 13, 2012, Petitioner filed the last of his three state court habeas petitions. The California Supreme Court rejected his final state court habeas petition on April 25, 2012.

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. Petitioner suggests that the statute of limitations should be tolled because he did not learn of the applicable limitations period until 2008, after which he filed his first state court habeas petition. AEDPA's limitations period may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances prevented him from filing a timely federal habeas

petition *and* the petitioner has acted diligently in pursuing his rights. *Holland*, 130 S. Ct. at 2562. However, the Ninth Circuit has made clear that a habeas petitioner's ignorance of the law is not sufficient to warrant equitable tolling. *Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (stating that "petitioner's confusion or ignorance of the law alone" has never satisfied high standard to warrant equitable tolling) (citations omitted). Accordingly, Petitioner's purported ignorance of the applicable statute of limitations is not sufficient to warrant equitable tolling.

Moreover, even if Petitioner's purported ignorance of the limitations period warranted equitable tolling, the current Petition would still be untimely because of the more than three-year interval between the date on which Petitioner's second state court habeas petition was denied and the date on which Petitioner filed his third state court habeas petition. California has never definitively stated what is "reasonable" in terms of the intervals between the denial of a petition in one court and the filing of a subsequent petition in a higher court. *See Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011). The United States Supreme Court, however, has instructed courts to assume that California law does not differ significantly from other states with determinate timeliness rules. *Evans v. Chavis*, 546 U.S. 189, 198, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). Therefore, unjustified filing delays longer than thirty to sixty days are unreasonable. *Chaffer v. Proper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (*per curiam*). Consequently, statutory tolling is inapplicable to such delays. *Id.* Thus, statutory tolling is inapplicable to the three-year period between November 3, 2008 (the date on which the Court of Appeal denied Petitioner's second state court habeas petition) and January 13, 2012 (the date on which Petitioner filed his third state court habeas petition in the California Supreme Court).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file

his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 15, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-